ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY K. BUTTS, individually and as parent and natural guardian for RASHUN SUNCAR and LEQUINN BUTTS, Minors, and MARK A. MARTIN, JR., individually,<br>    Plaintiffs<br><br>v.<br><br>CITY OF YORK, OFFICER CURTIS D. BEHM, OFFICER NICHOLAS W. FIGGE, and POLICE COMMISSIONER HERBERT GROCIK,<br>    Defendants | NO.: 1:00-CV-1893<br><br>JURY TRIAL DEMANDED<br><br>FILED<br>HARRISBURG, PA<br>SEP 1 0 2002<br>MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

## DEFENDANTS CITY OF YORK AND POLICE COMMISSIONER HERBERT GROFCSIK'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(c), FEDERAL RULES OF CIVIL PROCEDURE

AND NOW, come Defendants, by and through their attorney, Donald B. Hoyt, Esquire, and file this Motion for Summary Judgment and in support thereof, aver as follows:

1. Plaintiff, Jody K. Butts, individually and as parent and natural guardian for Rashun Suncar and LeQuinn Butts, minors and Mark A. Martin, Jr., individually, initiated this civil action by filing a Complaint on October 25, 2000 arising out of an incident which occurred on May 14, 1999 in the City of York.

2. Plaintiffs' complaint names the City of York, Officer Curtis D. Behm, Officer Nicholas W. Figge and Police Commissioner Herbert Grofcsik as Defendants.

3. In her Complaint, Plaintiffs attempts to assert claims for unlawful search and seizure of her person, unlawful arrest, assault and use of excessive force, unlawful detention and unlawful imprisonment pursuant to 42 U.S.C. §1983 and under the laws and constitution of the Commonwealth of Pennsylvania.

4. In the Complaint, Plaintiffs also assert a Section 1983 claim against Defendants, City of York and Police Commissioner Herbert Grofcsik for failing to supervise and/or discipline its police officers; and in failing to address a pattern of police violence.

5. Plaintiffs' Complaint seeks compensatory damages and reasonable attorney's fees.

6. On January 31, 2001, Defendants City of York and Police Commissioner Herbert Grofcsik filed an Answer to Plaintiffs' Complaint denying any and all liability to the Plaintiffs and asserting various affirmative defenses, including, but not limited to, the individual officers' good faith, qualified immunity under federal law and pursuant to the applicable provisions of the Political Subdivision Tort Claims Act of the Commonwealth of Pennsylvania.

7. Pursuant to Rule 56(c), summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.

8. There are no genuine issues of material fact and Moving Defendants, City of York and Police Commissioner Herbert Grofcsik are entitled to summary judgment as a matter of law on Plaintiffs' claims for alleged inadequate education and training of its police officers and alleged inadequate supervision and/or discipline of its police officers.

9. Moving Defendants, City of York and Police Commissioner Herbert Grofcsik are entitled to summary judgment as a matter of law since there are no facts of record to establish that they had an unconstitutional policy, practice or custom concerning use of force by police officers employed by the City of York.

10. There are no genuine issues of material fact and Plaintiffs' claims for compensatory damages against Moving Defendants, City of York and Police Commissioner Herbert Grofcsik, are barred as a matter of law.

11. There are no genuine issues of material fact and the individual Moving Defendants are entitled to summary judgment as a matter of law on Plaintiffs' claims of false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution, malicious abuse of criminal prosecution, malicious abuse of criminal process, unlawful search and seizure and unlawful arrest pursuant to 42 U.S.C. §1983 and pursuant to the laws and constitution of the Commonwealth of Pennsylvania.

12. There are no genuine issues of material fact and the individual Moving Defendants are entitled to summary judgment as a matter of law on Plaintiff's claims pursuant to 42 U.S.C. §1981.

13. There are no genuine issues of material fact and Defendants are entitled to summary judgment as a matter of law on Plaintiffs' claims of excessive force pursuant to 42 U.S.C. §1983 and the pendent state tort law claims sounding in assault and battery, intentional infliction of emotional distress, false imprisonment and false arrest.

14. There are no genuine issues of material vast and the individual Moving Defendants are entitled to summary judgment as a matter of law on Plaintiffs' claims for compensatory damages.

# **CERTIFICATE OF SERVICE**

I, Donald B. Hoyt, Esquire, Assistant Solicitor for the City of York, do hereby certify that on this the ___9th___ day of September, 2002, I am serving a true and correct copy of the attached **Defendants City of York and Police Commissioner Herbert Grofcsik's Motion for Summary Judgment Pursuant to Rule 56(c), Federal Rules of Civil Procedure** upon the person(s) indicated below, service by First-Class Mail, Postage Prepaid and Addressed as follows:

Peter B. Foster, Esquire
Pinskey and Foster
121 South Street
Harrisburg, PA 17101

Frank J. Lavery, Jr., Esquire
Lavery, Faherty, Young & Patterson
The Kunkel Building
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

Donald B. Hoyt, Esquire
Assistant City Solicitor
Attorney I.D. #18061
One Marketway West; 3rd Floor
York, PA 17401-1231
(717) 849-2250