ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JODY K. BUTTS, individually and
as parent and natural guardian for
RASHUN SUNCAR and LEQUINN BUTTS,    :    NO.: 1:00-CV-1893
Minors, and MARK A. MARTIN, JR.,
individually,
        Plaintiffs
                                :    JURY TRIAL DEMANDED
        v.

CITY OF YORK, OFFICER CURTIS D.
BEHM, OFFICER NICHOLAS W. FIGGE,
and POLICE COMMISSIONER HERBERT
GROCIK,
        Defendants

FILED
HARRISBURG, PA
SEP 10 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DEFENDANTS CITY OF YORK AND POLICE COMMISSIONER HERBERT GROFCSIK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs claims against City of York and Police Commissioner Herbert Grofcsik Are contained in counts II, III, IV, V, VI, VII, VIII and IX of the Complaint.

Count II is entitled "Violation of Civil Rights" and references Title 42 of the United States code, Sections 1983, 1985 and 1988. The specific reference is that the individual officers "acted or failed to act pursuant to the official or unofficial custom or policy of the City of York pertaining to the use of force (¶ #68). The Plaintiffs allege defendant Curtis D. Behm used excessive physical force in prior arrests (¶ #69) and that he was retained on the police force despite that knowledge (¶ #70). The Plaintiffs also allege a general pattern of police violence (¶ #71). And the Plaintiffs allege failure to provide adequate supervision of the individual officers (¶ #72)

The affidavits of Police Commissioner Herbert Grofcsik and Captain Keith Ressler indicate there was no written policy officially adopted by York City Council, as required by St.Louis v. Praprotnik, 485 U.S. 112, 99 L. Ed 2d 107, 108 Sup. Ct. 915, 923 (1988). Nor was there personal conduct by the Commissioner himself as required by St.

Louis, Supra. Nor have the Plaintiffs proven a policy, practice or custom indicating deliberable indifference to individual constitutional rights as required under <u>Adickes v. F.H. Kress & Company,</u> 398 U.S. 144 (1970) and <u>Bielevicz v. Dubinson</u>, 915 F2d 845 (3rd Cir. 1990). To the contrary both Commissioner Grofcsik and Captain Ressler state individual constitutional right are respected by the York City Police force. See also <u>Tinko v. City of Hazleton</u> 665 F Supp. 1130 (M.D. Pa. 1986).

Further, despite Plaintiffs allegations, there were no prior acts of force involving defendant Behm. Plaintiffs are no doubt referring to the incident involving Bartrina Beatty and Robert Strickhouser. However that incident occurred on May 28, 1999, <u>after</u> this incident at 132 East South Street, and cannot form the basis of an allegation in this case.

There was no general pattern of police violence, as seen from the affidavits of Commissioner Grofcsik and Captain Ressler.

As for supervision of training, the City and its police officer have complied with all state-mandated training, and plaintiffs have produced no evidence of deliberate indifferences to the need of additional training <u>Canton v. Harris</u>, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed 2d 412 (1989).

A municipality may be found liable under section 1983 if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." <u>Monell v. Department of Social Servs. Of the City of New York</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611, 638 (1978). A failure to properly train police officers may be considered policy if the failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." <u>City of Canton v. Harris,</u> 489 U.S. 378, 388, 1099 S. Ct. 1197, 1204, 103 L. Ed. 2d 412, 426 (1989).

In order to prove a municipality's failure to train, a plaintiff "must identify a failure to provide specific training that has a causal nexus with his or her injury and must demonstrate that the failure to provide that specific training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations of the kind alleged occur." <u>Colburn v. Upper Darby Tp.</u>, 946 F.2d 1017, 1030 (3d Cir. 1991). A failure to train claim challenges the adequacy of a police department's training program, not the

proper training of individual officers. When a program complies with state standards, the training will be considered adequate unless the plaintiff produces evidence that governing state law is constitutionally deficient. Palmquist v. Selvik, 111 F.3d 1332, 1345 (7th Cir. 1997).

Count III is entitled " Civil Rights Violation" and also references Title 42 of the United States Code, Sections 1983, 1985 and 1988. Basically the same allegation as Count II are set forth. Thus, the same analysis.

Count IV is entitled "Civil Rights Violation" and involves the same Title 42 of the United States Code, Section 1983 by stating the other Plaintiffs (not Jody Butts) suffered embarrassment, humiliation and emotional distress from witnessing their mothers arrest. No constitutional violation is thus pleaded. Further, however, no municipal policy or custom can be established from a single incident. City of Oklahoma v. Tuttle, 471 U.S. 808 (1985); Losch v. Borough of Parksburg, 736 F2d 903 (3rd Cir. 1984)

Count V is entitled "intentional infliction of emotional distress". The City of York is alleged to be responsible under the concept of "respondeat superior" (¶ 95). There is no vicarious liability in these cases. See Monnell v. New York City Dept of Social Services, 436 U.S. 658 (1970) and City of Oklahoma v. Tuttle, 471 U.S. §808 (1985).

Again the allegation against Police Commissioner Herbert Grofcsik is that he was aware of prior conduct of Officer Curtis Behm. However as the record shows, there was no relevant prior conduct of Officer Curtis Behm.

Count VI is entitled "battery". The City of York is again allegedly responsible by respondeat superior, so the same analysis applies. And again Commissioner Grofcsik's responsibility is the same; the same analysis applies.

Count VII is entitled "false imprisonment". The City of York is allegedly responsible under respondeat superior, so the same analysis applies. And again Commissioner Grofcsik's responsibility is the same; the same analysis applies.

Count VIII is entitled "malicious prosecution". The City of York and Commissioner Grofcsik are not specifically named or stated to have done anything or be responsible for any specific conduct in this count.

Count IX is entitled "false arrest". The City of York is allegedly responsible under respondeat superior, so the same analysis applies. And Commissioner Grofcsik's involvement is the same; the same analysis applies.

The entire claim against the City of York and Police Commissioner Herbert Grofcsik should therefore be dismissed.

Respectfully Submitted:

CITY OF YORK

Donald B. Hoyt, Esquire
Assistant Solicitor
Sup. Ct. ID # 18061
One Marketway West – 3rd Floor
York, PA  17401
Tel: (717) 849-2250
Attorney for Defendants – City of York and Herbert Grofcsik

## CERTIFICATE OF SERVICE

I, Donald B. Hoyt, Esquire, Assistant Solicitor for the City of York, do hereby certify that on this the ___9th___ day of September, 2002, I am serving a true and correct copy of the attached **Defendants Memorandum of Law in Support of Motion for Summary Judgment** upon the person(s) indicated below, service by First-Class Mail, Postage Prepaid and Addressed as follows:

Peter B. Foster, Esquire
Pinskey and Foster
121 South Street
Harrisburg, PA  17101

Frank J. Lavery, Jr., Esquire
Lavery, Faherty, Young & Patterson
The Kunkel Building
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA  17108-1245

_____
Donald B. Hoyt, Esquire
Assistant City Solicitor
Attorney I.D. #18061
One Marketway West; 3rd Floor
York, PA  17401-1231
(717) 849-2250